UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Christian Burton, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C/A No.: 8:11-CV-02742-TMC |
| | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| and Merchants Credit Association, Inc. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

The Plaintiff, complaining of the Defendants above named, would respectfully show unto the Court as follows:

### JURISDICTION

1. The Plaintiff is a citizen and resident of the County of Greenville, State of South Carolina.

2. Defendant Equifax Information Services, LLC ("Equifax") is a foreign entity which transacts business in South Carolina. Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

3. Defendant, Merchants Credit Association, Inc., (hereinafter referred to as "MCA") is a corporation in the business of collecting consumer accounts and is located and doing business in Anderson, S.C.

4. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper.

1

## FACTS

5. In or around 2010, Plaintiff and his wife were seeking to refinance their 'interest-only' adjustable rate loan to a lower, fixed rate loan.  In an effort to ensure that he and his wife would qualify for the lower, fixed rate loan when the time came to apply, Plaintiff subscribed to a credit monitoring product offered by Equifax.

6. On or about March 15, 2010, upon reviewing his Equifax report, Plaintiff discovered that his credit score had dropped by 117 points.  Upon further review, Plaintiff discovered that a "collection" account was being attributed to him by the Defendants. This collection account was related to an unpaid $877.00 debt owed ostensibly to "Phil Jewelers" in Anderson, S.C.

7. The account in question was not Plaintiff's.  Upon information and belief, it belonged to a customer of Phil's named Kristen Lambert Burton, which Defendants had misattributed to Plaintiff, a fact which both Defendants knew or should have known.

8. After reviewing his report, Plaintiff immediately contacted Defendant MCA and spoke with "Sharon," who confirmed that MCA had handled this collection for Phil Jeweler's.  Sharon told Plaintiff to contact Equifax and get the "collections account number" which he did.  Plaintiff further advised MCA that the account was not his.

9.  On March 18, 2010, Plaintiff again called Sharon at MCA and provided her with his Equifax account number. Sharon asked Plaintiff if his name was "Chris Burton."  Plaintiff said his name was Christian Burton and again advised that the debt was not his.  After placing Plaintiff on hold, Sharon transferred him to another employee of MCA.

10. Thereafter, the MCA employee to whom Plaintiff was transferred made multiple false representations to Plaintiff concerning the status of the debt,

including but not limited to representing that Phil's Jewelers had stated that Plaintiff only recently "bought the ring for [his] girlfriend but she broke up with [him] and he never brought it back and refused to pay for it." Undeterred by Plaintiff's dispute of the debt, the MCA employee continued his attempts to collect the debt from Plaintiff.

11. The foregoing accusations caused extreme stress to Plaintiff, who had been married to his wife since 1998, and with whom he had just had a baby. Upon his wife's learning of these accusations, Plaintiff's marriage and family life became extremely strained and he suffered extreme emotional distress.

12. Plaintiff was caused additional emotional distress by the impression, implicit in his communications with Defendants, that he had been the victim of identity theft. He filed a report with the Mauldin Police Department, and spent a significant amount of time seeking to determine if he was at risk for fraud.

13. Ultimately, after great effort by the Plaintiff, including a personal visit to Phil's Jeweler's with an officer of the Mauldin Police Department, Defendant MCA agreed to cease collection efforts.

14. In or around September of 2010 and previously, Plaintiff disputed the false reporting to Defendant Equifax, specifically identifying the MCA tradeline which had earlier appeared in his reports, and explaining in his written dispute that this account was a collection effort on behalf of Phil Jewelers. In response, Defendant Equifax stated that the disputed "Phil Jewelers" account was "not currently reporting" on his file, without noting or making any mention whatsoever of the fact that the status concerned a collection tradeline that referenced MCA.

**FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT EQUIFAX**

**(Negligent Noncompliance with FCRA)**

15. Plaintiff realleges and incorporates the above allegations as if restated herein verbatim.

16. Defendant Equifax prepared and furnished credit reports on Plaintiff that contained false, negative credit information, which error was, upon information and belief, caused by the mixing of Plaintiff's information with that belonging to another consumer.

17. Plaintiff notified Defendant Equifax that it was reporting false information, disputed that information, and asked Defendant to correct it.  Despite the dispute, Defendant Equifax continued to report false information and/or did not make a full or complete investigation of his dispute.

18.  Defendant Equifax failed to provide the Plaintiff with the complete contents of
 his report.

19. Defendant Equifax failed to comply with its obligations concerning fraud disputes.

20. Equifax negligently failed to comply with the requirements of FCRA.

21. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

22. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).


**FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT EQUIFAX**

**(Willful Noncompliance with FCRA)**

23. Plaintiff realleges and incorporates the above allegations as if restated herein verbatim.

24. Equifax willfully failed to comply with the requirements of FCRA.

25. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

26. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

**FOR A THIRD CAUSE OF ACTION AS TO DEFENDANT MCA**
**(Unfair Trade Practices)**

27. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

28. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

29. The actions of the Defendant, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

30. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

31. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to

5

be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION AS TO DEFENDANT MCA
### (Intentional Infliction of Emotional Distress)

32. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

33. Defendant intentionally inflicted severe emotional distress upon the Plaintiff.

34. The aforementioned conduct was so extreme and outrageous as to exceed all possible bounds of decency, and must be regarded as atrocious and intolerable in a civilized society.

35. The actions of the Defendant caused Plaintiff to suffer severe emotional distress beyond what a reasonable person could be expected to endure.

36. Due to the malicious and intentional acts of Defendant, all in reckless disregard of the rights of the Plaintiff, judgment should be granted to Plaintiff for actual damages, punitive damages, and the costs of this action, all in an amount to be determined by the trier of fact.

## FOR A FIFTH CAUSE OF ACTION AS TO DEFENDANT MCA
### (Violation of S.C. Code §37-5-108)

37. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

38. Plaintiff is a consumer as defined by Title 37 of the South Carolina Code of Laws.

39. The debt upon which Defendant MCA sought to collect was a consumer debt.

40. Defendant MCA engaged in unconscionable conduct in the following particulars and such others to be proven at trial:

    a. Harming or threatening to harm to the reputation of Plaintiff;

    b. Using language to abuse the hearer;

    c. Using fraudulent, deceptive, or misleading representations in connection with the collection of a debt, including a claim or implication that the consumer committed any crime or other conduct to disgrace the consumer;

    d. Causing or threatening to cause injury to the consumer's reputation or economic status by disclosing information affecting the consumer's reputation for creditworthiness with knowledge or reason to know that the information is false;

    e. Disclosing information concerning the existence of a debt known to be disputed by the consumer without disclosing that fact.

41. Plaintiff has previously complained in writing about the Defendant MCA to the South Carolina Department of Consumer Affairs, and more than thirty (30) days have passed since the making of said complaint.

42. As a direct and proximate result of the foregoing wrongful acts, Plaintiff has been damaged, and is thus entitled to judgment for actual damages as well as such penalties and attorney's fees as are authorized by statute, and such other relief as is just and proper.

WHEREFORE, having fully pled, Plaintiff prays as follows:

43. A jury trial on all issues.

44. For judgment against Defendants for actual and punitive damages in an amount to be determined by a jury.

45. For damages as allowed by statute.

46. For Attorney's fees and costs on all causes of action.

47. For such other and further relief as the court deems just and proper.

7

Respectfully submitted.

Attorneys for Plaintiff:

s/ Dave Maxfield, Esquire Fed ID     6293
TROTTER & MAXFIELD, ATTORNEYS
1701 Richland Street
Columbia, South Carolina
(803) 799-6000

Robert C. Ray
306 A Mills Ave.
Greenville, SC 29605
(864) 233-4555
Fax (864) 232-9730

January 23, 2012

4826-9099-5469, v. 1